UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DANNA RAMOS,** an individual,

    Plaintiff,

vs.

**CASE NO.**

**POLLO OPERATIONS INC. d/b/a POLLO TROPICAL, a Florida for profit corporation, and FIESTA RESTAURANT GROUP, INC., a foreign for profit corporation,**

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, DANA RAMOS ("Plaintiff" or "Ms. Ramos"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, POLLO OPERATIONS, INC d/b/a POLLO TROPICAL ("Pollo Tropical") and FIESTA RESTAURANT GROUP, INC ("Fiesta", together with Pollo Tropical, the "Defendants"), and states as follows:

**PRELIMINARY STATEMENT**

    1.    In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4). The FMLA provides eligible employees, like Ms. Ramos, with unpaid, job-protected leave in the event they are suffering from a serious medical condition. 26 U.S.C. § 2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work. 29 U.S.C. § 2614(a)(1). Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to

1

exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA.  29 U.S.C. § 2615(a)(2).

2. Ms. Ramos (Hispanic, female) suffers from epileptic seizures that generally leave her with a temporary loss of memory and extreme fatigue.  Due to the seizures she sometimes needs to use leave to recover.  Ms. Ramos advised her supervisor, Brittney Lee (black, female) of her need to take leave after suffering from a severe seizure on or about April 14, 2017.  Ms. Lee refused Ms. Ramos' request to leave after the lunch rush, and required Ms. Ramos to remain clocked in and working until 5pm.  Prior to the end of Ms. Ramos' shift, Ms. Lee called Ms. Ramos into the office and told her to clock out, and not to return to work the following day.  Ms. Lee stated that she allegedly received a customer complaint against Ms. Ramos and her two Hispanic co-workers for being loud, unprofessional, and using poor language.  Ms. Ramos was the only worker reprimanded and told to clock out and not to come in the following day.  Due to the stress of the false accusation and being told not to come in, Ms. Ramos suffered three more seizures during the night of April 14, 2017.  Ms. Ramos' daughter called in on April 15, 2017 and advised Ms. Lee that Ms. Ramos suffered three more seizures the night before.  Ms. Lee stated that she did not care, and hung up the phone.  Due to the compounded stress of not knowing whether she was terminated, Ms. Ramos suffered another seizure on April 15, 2017. Ms. Ramos' daughter again called in for her mother on April 16, 2017, and was advised by a supervisor Darion, that Ms. Ramos should stay at home and recover and to not worry about coming in on April 16, 2017.  On April 18, 2017, when Ms. Ramos returned to work, she was terminated by Ms. Lee for receiving the alleged customer complaints and for conversing with her colleagues in Spanish. The stated reasons for Ms. Ramos' termination are pretextual.

3. Ms. Ramos seeks: (i) compensatory damages in whatever amount she is found to

be entitled; (ii) liquidated damages in whatever amount she is found to be entitled; (iii) an award of interest, costs and reasonable attorney's fees and expert witness fees; (iv) equitable relief; (v) declaratory relief; (vi) pre-judgment and post-judgment interest (where allowable); and (vii) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and the FMLA, and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

5. Venue properly lies in this judicial district under 28 U.S.C. §1391 because Defendants do business in this judicial district.

## PARTIES

6. At all times material to this action, Plaintiff was a resident of Ft. Myers, Lee County, Florida.

7. At all times material to this action, POLLO OPERATIONS, INC. d/b/a/ POLLO TROPICAL, was, and continues to be, a Florida for profit corporation, engaged in business in Florida, doing business in Lee County, Florida. Defendant can be served with process upon its registered agent Robert Powell, Esq., at 7255 Corporate Center Drive, Suite C, Miami, Florida 33126.

8. At all times material to this action, FIESTA RESTAURANT GROUP, INC., was, and continues to be, a foreign for profit corporation, engaged in business in Florida, doing business in Lee County, Florida. Defendant can be served with process upon its registered agent Corporate Creations Network, Inc., at 2425 W. Loop South #200, Houston, Texas 77027.

9. Further, at all times material to this action, Defendants were, and continue to be engaged in business in Florida, doing business in Lee County, Florida, and operate under the

corporate umbrella of Fiesta Restaurant Group, Inc., as Pollo Tropical, and more specifically, Store PT #10130, located at 12611 South Cleveland Ave., Fort Myers, Florida 33907.

10. Ms. Ramos started working for Pollo Tropical, in or around 2012 at a location in Miramar, Florida.

11. In approximately June of 2016, Ms. Ramos transferred to Store PT 10130 in Fort Myers, Florida, and remained employed at that location until her termination on or about April 18, 2017.

12. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. Defendants own and operate approximately 139 Pollo Tropical locations throughout the state of Florida.

14. The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 2611(4)(ii)(I).

15. Defendants are an employer as defined under the FLMA.

16. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

17. Defendants employed Plaintiff as a server and liner.

18. At all times material to this action Defendants directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

19. Defendants jointly employed Plaintiff.

20. Defendants are an employer under the FMLA because they are engaged in commerce or in an industry affecting commerce and employ 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

21. At all times relevant hereto, Plaintiff worked at a location where Defendants employed 50 or more employees within 75 miles.

22. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## GENERAL ALLEGATIONS

23. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised her rights pursuant to the FMLA and Defendants (i) interfered with Plaintiff's right to take FMLA leave; (ii) failed to provide Plaintiff with notice of her rights under the FMLA; (iii) discriminated against Plaintiff for wishing to take and taking FMLA leave; and (iv) failed to designate qualifying leave as FMLA protected; (v) failed to reinstate Plaintiff to her position or a substantially similar position; and (vi) retaliated against Plaintiff because she took FMLA leave, would need additional leave, and complained about her discriminatory treatment to Ms. Lee.

24. Ms. Ramos was hired as a server with Defendants in or around 2012.

25. Ms. Ramos continued to work as a server and liner through and including April 18, 2017.

26. Prior to gaining employment with Defendants, Ms. Ramos informed Defendants that she suffered from epileptic seizures and would necessitate varying accommodations

5

depending on the intensity of the attacks that usually leaves her with memory loss and extreme weakness.

27. On information and belief, Defendants noted Ms. Ramos' employment file with her disability information.

28. On or about April 13, 2017, Ms. Ramos suffered an epileptic seizure.

29. The following day while still feeling the after effect of the attack the night before, Ms. Ramos notified her supervisor, Ms. Lee, and requested to leave early to recover.

30. Ms. Lee denied Plaintiffs request for leave.

31. Prior to the end of Ms. Ramos' shift, Ms. Lee called Ms. Ramos into the office and told her to clock out, and not to return to work the following day.

32. Ms. Lee stated that she allegedly received a customer complaint against Ms. Ramos and her two Hispanic co-workers for being loud, unprofessional, and using poor language while speaking Spanish.

33. Ms. Ramos was the only worker reprimanded and told to clock out and not to come in the following day.

34. Due to the stress of the false accusation and being told not to come in, Ms. Ramos suffered three more seizures during the night of April 14, 2017.

35. Ms. Ramos' daughter called in on April 15, 2017 and advised Ms. Lee that Ms. Ramos suffered three more seizures the night before.

36. Ms. Lee stated that she did not care, and hung up the phone.

37. Due to the compounded stress of not knowing whether she was terminated, Ms. Ramos suffered another seizure on April 15, 2017.

38. Ms. Ramos' daughter again called in for her mother on April 16, 2017, and was advised by a supervisor Darion [LNU], that Ms. Ramos should stay at home and recover and to not worry about coming in on April 16, 2017.

39. Ms. Ramos was not scheduled to work on April 17, 2017.

40. Ms. Ramos' next scheduled shift was April 18, 2017.

41. On April 18, 2017, when Ms. Ramos returned to work, she was terminated[1] by Ms. Lee.

42. Ms. Lee's stated that Ms. Ramos was terminated for receiving the alleged customer complaints and for conversing with her colleagues in Spanish.

43. Defendants' reasons for terminating Plaintiff are pre-textual.

44. Defendants' reasons for terminating Plaintiff were manufactured, post hoc, after Plaintiff engaged in activities protected by the FMLA.

45. At the time of her termination, Plaintiff worked for a covered employer as defined by the FMLA.

46. At the time of her termination, Plaintiff was eligible for FMLA leave.

47. At the time of her termination, Plaintiff provided notice(s) to Defendants of her need for FMLA-covered leave.

48. Plaintiff's notice(s) for her need for leave was sufficient to alert Defendants that her request was for FMLA-covered leave.

49. Plaintiff's notice(s) for her need for FMLA-covered leave was timely.

50. Plaintiff's notice(s) for her need for FMLA-covered leave complied with Defendants' company policies, if any, regarding requests for time off.

---

[1] Plaintiff's termination constitutes discrimination based on her qualifying disability, or the Defendants' perception of her as being disabled, her national origin, and retaliation. Plaintiff filed a charge of discrimination and retaliation with the EEOC. However, her charge is still pending with the EEOC. Plaintiff plans to amend her complaint to include these claims when the EEOC has completed its investigation of same.

51. Plaintiff suffered from a serious health condition as defined by the FMLA as her condition was:

    a. An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

    b. An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

    c. An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

    d. An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

    e. An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

52. Plaintiff was, at all times relevant, an employee as defined by the FMLA

53. At all times relevant, Plaintiff provided Defendants with enough information so that Defendants could reasonably determine whether the FMLA applied to her need for time off work.

54. Defendants' failure to provide Plaintiff with notice of her FMLA rights, interfered with her right to take available FMLA covered leave.

55. Defendants' failure to designate Plaintiff's qualifying leaves as FMLA protected, interfered with her right to FMLA covered leave.

56. Defendants' termination of Plaintiff interfered with her right to take available FMLA-covered leave.

57. Defendants' termination of Plaintiff interfered with her right to an unqualified reinstatement to the same or similar position after taking available FMLA-covered leave.

58. Defendants' termination of Plaintiff was in retaliation for Plaintiff requesting to take FMLA-covered leave.

59. Defendants' termination of Plaintiff was in retaliation for Plaintiff having taken FMLA protected leave.

60. Defendants' termination of Plaintiff was in retaliation for Plaintiff having complained of the discriminatory treatment she received after requesting FMLA protected leave.

61. Defendants' termination of Plaintiff was in retaliation for Plaintiff having complained of the discriminatory treatment she received after taking FMLA protected leave.

62. Defendants' termination of Plaintiff was designed to dissuade Plaintiff's coworkers from taking FMLA-covered leave.

63. Defendants' termination of Plaintiff interfered with the rights afforded to Plaintiff by the FMLA.

64. Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FMLA-covered leave in the future.

65. Plaintiff's FMLA-covered absences and/or her likely need for future FMLA-covered leave was a substantial or motivating factor in Defendants' decision to terminate her.

66. Defendants' decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the FMLA.

67. Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

68. Defendants' actions violate the provisions of 29 U.S.C. §2615(a).

69. Defendants' actions violate the provisions of 29 U.S.C. §2614(a).

70. Defendants' actions constitute interference with Plaintiff's rights under the FMLA.

71. Defendants' actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

72. Defendants' actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

73. Defendants' actions were willful as Defendants knew or had reason to know that its actions violated federal law, yet Defendants acted wantonly or with reckless disregard for the law.

74. Defendants are liable for the actions of its managers and/or agents taken within the scope of their employment with Defendants and its related entities, including the decision to reprimand Plaintiff for an alleged complaint and to terminate Plaintiff.

75. Defendants' actions, if left unchecked, will deter other employees from exercising their rights under the FMLA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

76. Plaintiff re-alleges paragraphs 1 through 75 of the Complaint, as if fully set forth herein.

77. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

78. Defendants jointly employed Plaintiff.

79. Defendants were Plaintiff's employer as defined by the FMLA.

80. At all times relevant hereto, Defendants interfered with Plaintiff's right to take leave from work under the FMLA.

81. At all times relevant hereto, Defendants interfered with Plaintiff's right to be reinstated to her or an equivalent position.

82. Defendants' failure to designate absences as FMLA protected leave constitutes interference with Plaintiff's rights under the FMLA.

83. Defendants' termination of Plaintiff prior to the expiration of her covered leave period constitutes interference with Plaintiff's rights under the FMLA.

84. Defendants' failure to reinstate Plaintiff to the same or similar position constitutes interference with Plaintiff's rights under the FMLA.

85. Defendant's failure to provide Plaintiff notice of her FMLA rights constitutes interference with Plaintiff's rights under the FMLA.

86. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

87. Defendant's termination of Plaintiff because it knew Plaintiff would likely seek FMLA-covered leave in the future as a result of Plaintiff's epilepsy constitutes interference with Plaintiff's rights under the FMLA.

88. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

89. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

90. Defendants' violations of the FMLA were willful.

91. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, Dana Ramos, respectfully requests entry of:

    a.    judgment in her favor and against Defendants for its interference with her

rights under the FMLA;

b. judgment in her favor and against Defendants for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c. judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendants for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendants' actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION

92. Plaintiff re-alleges paragraphs 1 through 75 of the Complaint, as if fully set forth herein.

93. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

94. Defendants jointly employed Plaintiff.

95. Defendants were Plaintiff's employer as defined by the FMLA.

96. Defendants discriminated and/or retaliated against Plaintiff because she exercised her rights under the FMLA or attempted to exercise her rights under the FMLA.

97. Defendant discriminated and/or retaliated against Plaintiff because she was likely to exercise her rights under the FMLA in the future.

98. Defendant discriminated and/or retaliated against Plaintiff because she complained about unfair employment practices and adverse employment actions taken as a result of her exercise of rights under the FMLA.

99. Defendants had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

100. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

101. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

102. Defendants' conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

103. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

104. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused and continue to cause irreparable harm.

105. Defendant's violations of the FMLA were willful.

106. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, Dana Ramos, respectfully requests entry of:

    a. judgment in her favor and against the Defendants for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b. judgment in her favor and against the Defendants for damages, including

        lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in her favor and against the Defendants for her reasonable attorneys' fees and litigation expenses;

d.    judgment in her favor and against Defendants for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.    declaratory judgment that Defendants' actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 14th Day of April 2019.

        Respectfully submitted,

        **MORGAN & MORGAN, P.A.**
        600 N. Pine Island Road, Suite 400
        Plantation, FL 33324
        Tel: 954-318-0268
        Fax: 954-327-3016

        /s/*Paul M. Botros*
        Paul M. Botros, Esquire
        FL Bar No.: 063365
        E-mail: pbotros@forthepeople.com
        *Trial Counsel for Plaintiff*